IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL L. McGLOTHLIN,          )
                                )
                  Plaintiff,    )
                                )
vs.                             )       Case No. 08-1117-WEB
                                )
MICHAEL J. ASTRUE,              )
Commissioner of                 )
Social Security,                )
                                )
                  Defendant.    )
_____ )


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits.  The matter has been fully briefed by the
parties and has been referred to this court for a recommendation
and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

1

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

2

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

3

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On October 25, 2007, administrative law judge (ALJ) Robert J. Burbank issued his decision (R. at 12-21).  Plaintiff alleges that he has been disabled since June 16, 2005 (R. at 12). Plaintiff is insured for disability insurance benefits through March 31, 2011 (R. at 14).  At step one, the ALJ found that

plaintiff has not engaged in substantial gainful activity since June 16, 2005, the alleged onset date (R. at 14).  At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumber spine and vasodepressor syndrome (R. at 15).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 15), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 19).  At step five, the ALJ found that plaintiff can perform other jobs that exist in significant numbers in the national economy (R. at 20).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.

SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1);
Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891
n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118,
1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative
discussion describing how the evidence supports each conclusion,
citing to specific medical facts and nonmedical evidence, the
court will conclude that his RFC conclusions are not supported by
substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx.
781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must
be sufficiently articulated so that it is capable of meaningful
review; the ALJ is charged with carefully considering all of the
relevant evidence and linking his findings to specific evidence.
Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5,
2003).  It is insufficient for the ALJ to only generally discuss
the evidence, but fail to relate that evidence to his
conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49
F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to
comply with SSR 96-8p because he has not linked his RFC
determination with specific evidence in the record, the court
cannot adequately assess whether relevant evidence supports the
ALJ's RFC determination.  Such bare conclusions are beyond
meaningful judicial review.  Brown v. Commissioner of the Social
Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.
2003).

6

In his decision, the ALJ found that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. Plaintiff could stand/walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday.  Plaintiff was also to avoid concentrated exposure to extreme cold, vibration, or hazards such as unprotected heights (R. at 15).  The ALJ indicated that he agreed with the opinions of the state agency consultants who provided two separate physical RFC assessments of the plaintiff (Exhibits 3F and 9F) (R. at 16; R. at 159-166, Exh. 3F; R. at 233-240, Exh. 9F).  The ALJ further indicated that evidence received after these assessments were performed did not provide any new or material information that would alter any findings about plaintiff's RFC (R. at 16).

Defendant concedes that the 1st state agency assessment (Exhibit 3F) was prepared by a non-medical person, a single decision maker (SDM) (R. at 166; Doc. 14 at 15).  An SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.  Jordan v. Astrue, Case No. 08-1045-MLB (D. Kan. Apr. 8, 2009; Doc. 13 at 6); Ky v. Astrue, 2009 WL 68760 at *3 (D. Colo. Jan. 8, 2009); Bolton v. Astrue, 2008 WL 2038513 at *4 (M.D. Fla. May 12, 2008); Velasquez v. Astrue, 2008 WL 791950 at *3 (D. Colo. March 20, 2008).

However, defendant argues that the 2nd physical RFC

assessment (Exhibit 9F) was prepared by a physician (Doc. 14 at 15).  The record supports defendant's assertion that the 2nd physical RFC assessment was prepared by a physician (R. at 22, 50, 233-240).  In his hypothetical question to the vocational expert (VE) at the hearing, the ALJ only identified Exhibit 9F (R. at 379-380), and the ALJ's RFC findings includes environmental limitations found only in Exhibit 9F (R. at 15, 163, 237).  Therefore, the court finds that the ALJ's reliance on Exhibit 3F is harmless error in light of the fact that he primarily relied on Exhibit 9F, which was prepared by a physician.

Plaintiff argues that the ALJ erred by failing to include in plaintiff's RFC the fact that Exhibit 9F indicated that plaintiff, under postural limitations, can only occasionally engage in climbing, balancing, stooping, kneeling, crouching, and crawling (Doc. 11 at 9; R. at 235).  Those limitations are not contained in the ALJ's RFC findings (R. at 15), but in his hypothetical question to the VE, the ALJ asked the VE to review the limitations contained in Exhibit 9F, and identify other work that plaintiff could perform given those limitations (R. at 379-380).  The VE testified that plaintiff, given those limitations, could perform the following jobs: (1) cleaner, housekeeping (DOT: 323.687-014), (2) shipping-and-receiving weigher (DOT: 222.387-074), and (3) subassember (DOT: 729.684-054) (R. at 380-381).  In

8

his decision, the ALJ, based on the VE testimony, found that plaintiff could perform these 3 jobs (R. at 20).  According to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), U.S. Department of Labor (1993), all three jobs only require a worker to perform the above postural requirements on an occasional basis or less. SCO at 95, 132, 284.  Because the postural limitations were provided to the VE, and the VE identified jobs consistent with plaintiff's postural limitations, the failure of the ALJ to include the postural limitations in his RFC findings is harmless error.

Plaintiff also argues that a state agency assessment using a check-the-box evaluation form with little or no explanation for the conclusions reached is not substantial evidence.  Fleetwood v. Barnhart, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007). Admittedly, Exhibit 9F contains little explanation for the physical RFC findings (R. at 233-240).

However, in Fleetwood, the court noted that there was no other medical evidence in the record which specifically addressed plaintiff's ability to work.  Id.  In the case before the court (McGlothlin), the medical records that the state agency physician had before him included a medical report from Dr. Goel, dated June 20, 2005, stating that plaintiff was given a work note to keep him on light duty, lifting no heavier than 25 pounds, and no

9

repetitive bending or stooping (R. at 190).[1]  This report from a treatment provider is consistent with the state agency assessment (Exhibit 9F), which was dated December 1, 2005 (R. at 240).

Furthermore, as noted by the ALJ (R. at 18), a treatment note on March 9, 2007 includes the following statements:

> [Plaintiff] says the injections have worked well for him.  He is not having any pain.  He does not require any pain medications and he is back to his regular duty.
>
> ...........
>
> RECOMMENDATIONS: The patient is significantly improved following his transforaminal, facet and sacroiliac joint injections.  He is essentially not having any pain.  He does not require any pain medications and he is back to work at his regular duty job...**We have not given him any restrictions.**

(R. at 244, emphasis added).  Thus, the state agency assessment, although providing little explanation, is fully supported by the statements of plaintiff's treatment providers, including the medical treatment notes on March 9, 2007, subsequent to the state agency physical RFC assessment.  Plaintiff points to no medical evidence that disputes the state agency physical RFC assessment or the above statements from plaintiff's own treatment providers. For this reason, the court finds that substantial evidence supported the RFC findings of the ALJ.

---

[1] This medical report from plaintiff's treating physician was dated on June 20, 2005, four days after plaintiff's alleged onset date of disability, June 16, 2005.

**IV.  Are the ALJ's credibility findings supported by substantial evidence?**

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005).  Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set

forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  <u>Hardman v. Barnhart</u>, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  <u>White</u>, 287 F.3d at 909-910.

The ALJ found plaintiff's allegations not entirely credible, noting that plaintiff does work 4-5 hours a day before he starts hurting (R. at 18, 370).  The ALJ found that plaintiff's allegations were not consistent with the medical records, including the treatment notes from March 9, 2007, in which plaintiff's treatment provider stated that plaintiff was not having any pain, is back to work at his regular duty job, and is not being given "any restrictions" (R. at 18, 244).  The court finds that the ALJ set forth the specific evidence he relied on in evaluating plaintiff's credibility.  As noted above, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have

justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The court has one concern with the ALJ's credibility analysis.  In his decision, the ALJ stated that although plaintiff described limitations in his ability to perform some of his daily activities, the ALJ concluded that "his ability to perform them to any degree suggests that he retains the ability to work full-time" (R. at 19).  This court has previously found that such a finding is clearly erroneous.  Mount v. Astrue, Case No. 08-1097-WEB (D. Kan. May 14, 2009, Doc. 17 at 16); Toon v. Astrue, Case No. 07-1369-MLB (D. Kan. March 17, 2009, Doc. 18 at 9).

However, after examining the record as a whole, including the lack of any medical evidence that plaintiff has limitations not included in the ALJ's RFC findings and the hypothetical question posed to the VE, and the fact that plaintiff's own treatment provider indicated in 2007 that plaintiff is not having any pain and is being given no restrictions, the court finds that the balance of the ALJ's credibility analysis, even after consideration of the one error in that analysis by the ALJ, is nonetheless closely and affirmatively linked to substantial evidence.  See Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)("While we have some concerns regarding the ALJ's reliance

13

on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record."); <u>Landwehr v. Astrue</u>, Case No. 08-1154-WEB (D. Kan. May 14, 2009, Doc. 15 at 14-17) (Despite one error in the ALJ's credibility analysis, the court held that the ALJ's credibility analysis was nonetheless closely and affirmatively linked to substantial evidence); <u>Kochase v. Astrue</u>, Case No. 07-1190-MLB, 2008 WL 852123 at *9 (D. Kan. March 28, 2008, Doc. 14 at 20-23) (same).

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on May 28, 2009.


                              s/Donald W. Bostwick
                              DONALD W. BOSTWICK
                              United States Magistrate Judge